**THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| **WILDWOOD CONSULTING, LLC,** | : |
| | : |
| **PLAINTIFF,** | : |
| | : **CIVIL ACTION FILE NO.** |
| **v.** | : |
| | : **4:21-CV-00138-LMM** |
| **ROGERS FINISHING, LLC d/b/a** | : |
| **ADD BAC, ADD BAC, INC.,** | : |
| **WARREN EDWARD STATEN, and** | : |
| **JUDY STATEN,** | : |
| | : |
| **DEFENDANTS.** | : |

## <u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT</u>

COME NOW Defendants Rogers Finishing, LLC d/b/a Add Bac, Add Bac, Inc., Warren Edward Staten, and Judy Staten, and file this Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Verified[1] Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6), showing this Honorable Court as follows:

---

[1] While Plaintiff's initial pleading is styled "Verified Complaint," it does not appear to have been verified.

## I. RELEVANT ALLEGATIONS

Defendants hereby move for this Court to dismiss Plaintiff's Verified Complaint in its entirety, for failure to state a claim upon which relief can be granted.

Plaintiff's Count I is a common law breach of contract claim against Defendants Rogers Finishing, LLC and Add Bac, Inc.  Plaintiff's Count II is a common law breach of contract claim against Defendants Warren Edward Staten and Judy Staten.  Plaintiff's Counts III and IV are federal and state trade secret claims, respectively.  Counts V, VI, and VII arise out of and are dependent[2] upon Plaintiff's trade secret claims.  Count VIII is a dependent state law claim for attorney fees under O.C.G.A. § 13-6-11.

Plaintiff alleges that it has developed unique polyurethane coating technology (the "CT").  (Plaintiff's Verified Complaint [Pl.'s Compl.] ¶¶ 12-15).

---

[2] Counts V, VI, VII, and VIII are "dependent" in the sense that they rely on the trade secret claims as underlying, independent causes of action.  *See*, *e.g.*, *Sandy Springs Toyota v. Classic Cadillac Atlanta Corp.*, 269 Ga. App. 470, 472, 604 S.E.2d 303, 306 (2004) ("A claim for expenses of litigation under OCGA § 13–6–11 is not an independent cause of action.").

Plaintiff alleges that the CT encompasses both tangible information such as "documentation" and intangible information such as "strategies" and "knowledge." (Pl.'s Compl. ¶¶ 14-15.)  Plaintiff alleges it licensed the CT to Defendants pursuant to a Manufacturing License Agreement ("MLA").  (Pl.'s Compl. ¶ 16.)  Plaintiff alleges the CT is protected from unauthorized use or disclosure by the MLA and by a collateral Nondisclosure Agreement ("NDA").  (Pl's Compl. ¶¶ 17, 27-28.) Plaintiff alleges Defendants' rights to use the CT under the MLA expired on or about April 25, 2019.  (Pl.'s Compl. ¶¶ 16, 20, 67.)

Prior to the expiration of the MLA, Plaintiff alleges that its president, Mr. Timothy Croley, visited Defendants' manufacturing facilities and determined

that certain individuals who were not the authorized officers and employees of [the corporate Defendants] that Wildwood previously approved according to the NDA were present while the CT was being produced. Mr. Croley recognized one of the individuals present as a fellow industry professional named Tim Brown ("Mr. Brown"), who is a person skilled in the art of chemical compounds. Mr. Brown was not an authorized user of the CT pursuant to the NDA.

(Pl.'s Compl. ¶¶ 2, 35.)  Plaintiff alleges that during Mr. Croley's visit, he also "discovered that [Defendants] had disclosed confidential and proprietary information related to the CT to unauthorized individuals in violation of the NDA." (Pl.'s Compl. ¶ 36.). Also during Mr. Croley's visit, "Add Bac's plant manager admitted that [Defendants] altered Wildwood's proprietary CT formula by mixing the approved polyol with a non-approved polyol."  (Pl.'s Compl. ¶ 37.).

"On or about April 24, 2019, counsel for Plaintiff delivered a Demand to Cease and Desist to Defendants."  (Pl.'s Compl. ¶ 46.)  Plaintiff alleges that Defendants completely disregarded the April 24, 2019 demand letter.  (Pl.'s Compl. ¶ 48.)  Other than the demand letter, Plaintiff does not allege that it took any action whatsoever in response to Mr. Croley's observations.

Plaintiff further alleges generally that "Plaintiff employs reasonable means under the circumstances to protect its Trade Secrets from misappropriation or disclosure to persons or entities not authorized to receive them. These safeguards ensure that unauthorized persons cannot access the CT Trade Secrets."  (Pl.'s Compl. ¶ 87.)

Based upon Plaintiff's own allegations, the following facts are assumed to be true for the purposes of this Motion:

1.  Plaintiff owns certain trade secrets;

4

2. Plaintiff disclosed its alleged trade secrets to Defendants in connection with the MLA and the NDA;

3. During the term of the MLA (April 25, 2014 to April 24, 2019) Plaintiff's president directly witnessed Defendants violating the MLA and the NDA (however, Plaintiff does not allege that it made any concurrent response whatsoever to these violations, and Plaintiff does not allege that it made any effort during the entire term of the MLA to protect its alleged trade secrets apart from relying upon Defendants to enforce the MLA and the NDA);

4. On the day the MLA expired, Plaintiff sent Defendants a letter demanding compliance with the MLA, but Defendants disregarded the letter;

5. After nearly two-and-a-half years (817 days, to be exact) of complete inaction from Plaintiff, during which entire time Defendants allegedly had been misusing Plaintiff's trade secrets, Plaintiff filed its Verified Complaint alleging that Plaintiff is entitled to urgent preliminary injunctive relief within five (5) days in order to protect its alleged trade secrets. (Pl.'s Compl. p. 35, § (b).)

## II. AUTHORITY AND ARGUMENT

### A. Applicable Law: Motions to Dismiss Generally

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility.'" *Id*. (*quoting Twombly*, 550 U.S. at 557).

In ruling on a motion to dismiss, "all well-pleaded factual allegations in the complaint must be taken as true and the complaint must be construed in the light most favorable to the plaintiff." *BioHealth Med. Lab., Inc. v. Cigna Health & Life Ins. Co.*, 706 F. App'x 521, 523 (11th Cir. 2017). The court, however, "need not accept legal conclusions, nor must it accept as true legal conclusions couched as factual allegations." *Pledger v. Reliance Tr. Co.*, 240 F. Supp. 3d 1314, 1321

(N.D. Ga. 2017).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (*quoting Twombly*, 550 U.S. at 557).  "Accordingly, 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.'"  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

B. Applicable Law: Defend Trade Secrets Act and Georgia Trade Secrets Act

The Defend Trade Secrets Act ("DTSA") and Georgia Trade Secrets Act ("GTSA") are substantially similar statutes:

> Both statutes allow plaintiffs to recover damages for misappropriation of trade secrets. *See* O.C.G.A. § 10-1-763(a); 18 U.S.C. § 1836(b)(3)(B). The DTSA requires the same showing as the GTSA, but with the additional requirement that the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce.

*TriEst Irrigation LLC v. Hiers*, No. 7:18-CV-155 (HL), 2021 WL 2229059, at *12 (M.D. Ga. June 2, 2021) (*citing Argos USA LLC v. Young*, No. 1:18-CV-02797-ELR, 2019 WL 4125968, at *5 (N.D. Ga. June 28, 2019)) (punctuation omitted for

clarity).  The analysis of DTSA and GTSA claims substantially overlaps, and thus courts address claims under these statutes simultaneously.  *TriEst Irrigation LLC*, 2021 WL 2229059, at *12 (*citing One Sixty Over Ninety, LLC v. Ologie, LLC*, No. 3:17-CV-147 (CDL), 2019 WL 11608032, at *3–4 (M.D. Ga. Sept. 6, 2019)).

　　　To survive a motion to dismiss a DTSA or GTSA claim, a plaintiff must allege that the plaintiff took reasonable efforts under the circumstances to preserve the secrecy of the allegedly secret information.  *TriEst Irrigation LLC*, 2021 WL 2229059, at *12.  Without alleging reasonable efforts to protect allegedly secret information, the plaintiff has not alleged a trade secret claim.  *See generally TriEst Irrigation LLC*; *see also Raben Tire Co., LLC v. McFarland*, No. 5:16-CV-00141-TBR, 2017 WL 741569, at *2 (W.D. Ky. Nov. 25, 2020) ("[Plaintiff's] complaint is entirely devoid of any allegations of how it protected the information in question from dissemination") (dismissing complaint); *ProV International, Inc. v. Lucca*, No. 8:19-cv-978-T-23AAS, 2019 WL 5578880 (M.D. Fl. 2019), at *2-3 (dismissing trade secret claims); *UAB "Planner 5D" v. Facebook, Inc.*, No. 19-CV-03132-WHO, 2019 WL 6219223 (N.D. Cal. 2019), at *10 (dismissing trade secret claims); *Broker Genius, Inc. v. Zalta, et al.*, 280 F. Supp. 3d 495 (S.D.N.Y. 2017) (denying preliminary injunction on the basis that reasonable measures were not taken to protect alleged trade secrets).  Under *Twombly*, *Iqbal*, and their

progeny, a plaintiff's allegations of reasonable efforts to protect allegedly secret information must be more than formulaic recitations that reasonable efforts were made.  Rather, a plaintiff in a DTSA or GTSA claim must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff's common law breach of contract claims are based upon allegations that Defendants breached the MLA and the NDA in the process of misappropriating Plaintiff's trade secrets.  *See generally* Pl.'s Compl. ¶¶ 66, 68. Therefore, Plaintiff's breach of contract claims rise or fall with Plaintiff's statutory trade secret claims.

## C. Argument

Under any analysis, Plaintiff has failed to plead factual content that allows the court to draw the reasonable inference that Plaintiff took reasonable steps to protect its alleged trade secrets.  In fact, Plaintiff's allegations affirmatively establish, as a matter of law, that Plaintiff *did not* take reasonable steps to protect its alleged trade secrets, and instead tolerated explicit violations of the agreements which Plaintiff alleges are the only measures Plaintiff relied upon to protect its alleged secrets.

In order to plead reasonable protection of its trade secrets, Plaintiff appears to rely entirely on its allegations concerning the existence of the MLA and the NDA.  Plaintiff's allegations concerning the MLA and NDA are insufficient to meet the *Iqbal*/*Twombly* pleading standard for at least three reasons:

First, courts have recognized that nondisclosure agreements, by themselves, are generally not sufficient to protect trade secret information: "The Georgia Court of Appeals has cast doubt on confidentiality agreements as the exclusive measure taken to maintain secrecy."  *TriEst Irrigation LLC*, 2021 WL 2229059, at *12, *citing Equifax Servs., Inc. v. Examination Mgmt. Servs., Inc.*, 216 Ga. App. 35, 40 (1994) and *Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1334 (N.D. Ga. 2007); *see also Opus Fund Svcs. (USA) LLC v. Theorem Fund Svcs., LLC*, No. 17 C 923, 2018 WL 1156246 (N.D. Ill. 2018), at *3 ("While an agreement restricting the use of information may be considered a reasonable step to maintain secrecy of a trade secret, such an agreement, without more, is not enough"), *citing Fire 'Em Up, Inc. v. Technocarb Equip (2004) Ltd.*, 799 F. Supp. 2d 846, 851 (N.D. Ill. 2011), *Centrifugal Acquisition Corp. v. Moon*, 849 F. Supp. 2d 814, 831 (E.D. Wis. 2012) and *Maxpower Corp. v. Abraham*, 557 F. Supp. 2d 955, 961 (W.D. Wis. 2008).   This is particularly true when several years have

passed between the execution of the nondisclosure agreement and the alleged trade secret misappropriation.  *See Equifax Servs.,* 216 Ga. App. at 40.

Second, generalized nondisclosure agreements which restrict use of intangible information in perpetuity (like Plaintiff's NDA) are too broad and indefinite to be enforceable: "Covenants which restrict the dissemination of personal knowledge cannot be drawn with 'you can never do so-and-so' type language."  *AmeriGas Propane, L.P. v. T-Bo Propane, Inc.*, 972 F. Supp. 685, 694 (S.D. Ga. 1997) (*citing Equifax Servs.,* 216 Ga. App. at 37.)  By purporting to restrict Defendants' use of "information" and "know how" into perpetuity, Plaintiff's NDA falls precisely within this class of unenforceable agreements. (Doc. 1, p. 47, ¶ 1; Doc. 1, p. 57, ¶ 15.)  *See AmeriGas Propane, L.P.*, 972 F. Supp. at 694 ("Because the covenant incorporates no durational restriction, and because this Court cannot insert one into the covenant, the [ ] covenant must be declared void and unenforceable"), *citing Howard Schultz & Assocs.*, 239 Ga. 181, 188, 236 S.E.2d 265, 266 (1977).

Third, Plaintiff alleges that its president observed blatant violations of the MLA and the NDA, and provided no response other than the April 24, 2019 letter, which Plaintiff alleges elicited no meaningful reply from Defendants.  Nearly two-and-a-half years passed during which time Plaintiff did not take any other action of

any kind to protect its alleged secrets.  Under these circumstances, Plaintiff's
allegations do not provide a scintilla of factual content to show that Plaintiff made
reasonable efforts to protect its alleged trade secrets.  On the contrary, these
allegations show Plaintiff tolerated dissemination of its alleged trade secrets, which
amounts to an affirmative waiver of any claim of secrecy.  *See*, *e.g.*, *Stargate
Software Int'l, Inc. v. Rumph*, 224 Ga. App. 873, 877, 482 S.E.2d 498, 502 (1997)
(instructing clients to work for a competitor without instructing them as to
confidentiality of trade secrets amounted to a waiver of trade secret protection);
*Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1333 (N.D. Ga.
2007) ("[T]he plaintiff must demonstrate that it has taken reasonable efforts to
maintain its secrecy by not widely distributing the information to its employees
without proper controls").

Conclusion

Plaintiff has alleged generally that it made reasonable efforts to protect its
trade secrets.  Under *Iqbal* and *Twombly*, these allegations are not enough.  To
state a claim upon which relief can be granted, Plaintiff must plead factual contact
that allows this Court to draw the reasonable inference that Plaintiff made
reasonable efforts to protect its trade secrets.  Plaintiff has failed to do so.  In fact,
Plaintiff has pleaded specific factual content showing that Plaintiff tolerated

conduct inconsistent with its claim of trade secrecy.  Plaintiff's trade secret claims and its other dependent claims do not pass muster under the *Iqbal*/*Twombly* standard.  Plaintiff's Verified Complaint must be dismissed for failure to state a claim under which relief can be granted.


This 16th day of August, 2021.

**COPPEDGE, MICHMERHUIZEN, RAYBURN |
Attorneys at Law**

By: /s/ Stephen Michmerhuizen

508 S. Thornton Avenue
Dalton, Georgia 30720
P: (706) 226-0040
F: (706) 226-0050
warren@coppedgefirm.com
steve@coppedgefirm.com

WARREN N. COPPEDGE, JR.
GEORGIA BAR NUMBER: 187300
STEPHEN MICHMERHUIZEN
GEORGIA BAR NUMBER: 107109
ATTORNEYS FOR DEFENDANTS

## THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| **WILDWOOD CONSULTING, LLC,** : | |
| : | |
| **PLAINTIFF,** : | |
| : | **CIVIL ACTION FILE NO.** |
| **v.** : | |
| : | **4:21-CV-00138-LMM** |
| **ROGERS FINISHING, LLC d/b/a** : | |
| **ADD BAC, ADD BAC, INC.,** : | |
| **WARREN EDWARD STATEN, and** : | |
| **JUDY STATEN,** : | |
| : | |
| **DEFENDANTS.** : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day caused to be served a copy of the foregoing Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Verified Complaint by filing the same electronically, with the Clerk of Court using its CM/ECF system, which will automatically provide a copy of the filing to the following attorney of record:

David L. Walker, Jr.
Lawrence O. Anderson
Anthony Cammarata, Jr.
Flint, Connolly & Walker, LLP
131 East Main Street
Canton, Georgia 30114
dwalker@fcwlawfirm.com

This 16th day of August, 2021.

**COPPEDGE, MICHMERHUIZEN, RAYBURN |**
**Attorneys at Law**

By: /s/ Stephen Michmerhuizen

508 S. Thornton Avenue          WARREN N. COPPEDGE, JR.
Dalton, Georgia 30720            GEORGIA BAR NUMBER: 187300
P: (706) 226-0040                STEPHEN MICHMERHUIZEN
F: (706) 226-0050                GEORGIA BAR NUMBER: 107109
warren@coppedgefirm.com          ATTORNEYS FOR DEFENDANTS
steve@coppedgefirm.com

## <u>CERTIFICATE OF COMPLIANCE</u>

By signature below, counsel certifies that the foregoing document was

prepared in Times New Roman 14 point type, in compliance with local rule 5.1.

This 16th day of August, 2021.

**COPPEDGE, MICHMERHUIZEN, RAYBURN |**
**Attorneys at Law**

By: <u>/s/ Stephen Michmerhuizen</u>

508 S. Thornton Avenue          WARREN N. COPPEDGE, JR.
Dalton, Georgia 30720           GEORGIA BAR NUMBER: 187300
P: (706) 226-0040               STEPHEN MICHMERHUIZEN
F: (706) 226-0050               GEORGIA BAR NUMBER: 107109
warren@coppedgefirm.com         ATTORNEYS FOR DEFENDANTS
steve@coppedgefirm.com