THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| WILDWOOD CONSULTING, LLC, | : |
| | : |
| PLAINTIFF, | : |
| | : CIVIL ACTION FILE NO. |
| v. | : |
| | : 4:21-CV-00138-LMM |
| ROGERS FINISHING, LLC d/b/a | : |
| ADD BAC, ADD BAC, INC., | : |
| WARREN EDWARD STATEN, and | : |
| JUDY STATEN, | : |
| | : |
| DEFENDANTS. | : |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT**

COME NOW Defendants Rogers Finishing, LLC d/b/a Add Bac, Add Bac, Inc., Warren Edward Staten, and Judy Staten, and file this Reply to Plaintiff's Response Brief in Opposition to Defendants' Motion to Dismiss Plaintiff's Verified Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6).

I. SUMMARY OF REPLY

Plaintiff's Response Brief in Opposition to Defendants' Motion to Dismiss (Doc. 15) does not directly address the two fatal flaws in Plaintiff's Verified Complaint (Doc. 1) ("Complaint"), specifically: (1) the Complaint does not allege

1

"factual content that allows the [C]ourt to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) because the Complaint lacks factual content that would allow this Court to conclude that Plaintiff took reasonable steps to protect its alleged trade secrets; and even more importantly, (2) the Complaint's allegations affirmatively show that Plaintiff tolerated misuse of its alleged trade secrets.  Since all Plaintiff's claims are dependent upon the existence of reasonably protected trade secrets, the entire Complaint must be dismissed.

## II. PLAINTIFF'S ALLEGATIONS OR LACK THEREOF LEAD TO THE UNDENIABLE CONCLUSION THAT PLAINTIFF'S "TRADE SECRETS" WERE NOT PROTECTED

While Plaintiff contends Defendants "conjured" fabricated facts (Doc. 15, p. 6) in support of the Motion, the allegedly "conjured" facts are nothing other than undeniable conclusions based on the Complaint's allegations or lack thereof.  For example, Plaintiff argues that Defendants "conjured" the fact that Plaintiff provided no response other than one single letter to address Defendants' alleged acts of misappropriation, and then took no other meaningful action for nearly two-and-a-half years.  (Doc. 15, p. 6.)  Yet this is the only possible conclusion that can be drawn from Plaintiff's allegations.  If Plaintiff took other meaningful action to

address Defendants' alleged acts of misappropriation, Plaintiff has not alleged any such action.  Plaintiff simply is not permitted, under the requirements of *Iqbal* and *Twombly*, to suggest that other plausible evidence might exist to support Plaintiff's claims when Plaintiff has failed to allege the existence of any such evidence.

Plaintiff's citation to *AirWatch LLC v. Mobile Iron, Inc.*, No. 1:12-CV-3571-JEC, 2013 WL 4757491 (N.D. Ga. Sept. 4, 2013) (Doc. 15, p. 8) does not salvage Plaintiff's failure to allege reasonably protected trade secrets.  In *AirWatch*, the defendant's agents allegedly used "false identities, email addresses, phone numbers, and a fake business" to acquire trade secret information. *Id*. at *5.  The defendant's agents signed End User License Agreements restricting dissemination of that information.  Within a week of discovering the defendant's ruse, the plaintiff sent a written demand to the defendant. *Id*. at *1-2.  Shortly thereafter, the plaintiff's Chairman made a demand in person to the defendant's CEO. *Id*.  Within two months of discovering the defendants' ruse, the plaintiff filed suit. *Id*.

*AirWatch* is distinguishable because the *AirWatch* plaintiff's allegations and conduct readily showed reasonable efforts to preserve the alleged trade secrets.  Conversely, Plaintiff's Complaint does not allege any meaningful action to protect the trade secrets allegedly misappropriated directly in Plaintiff's president's presence.  (Compl. ¶¶ 35-39.)  Plaintiff's failure to allege timely and meaningful

remedial actions in response to alleged "blatant" misappropriation (Compl. ¶ 48) by Defendants is fatal to Plaintiff's claims.

### III. NONDISCLOSURE AGREEMENTS ARE INSUFFICIENT TO PROTECT TRADE SECRETS, ESPECIALLY WHEN BREACHES ARE TOLERATED

Defendants have cited extensive authority to show that courts nearly always find nondisclosure agreements, standing alone, to be insufficient to protect trade secrets: "The Georgia Court of Appeals has cast doubt on confidentiality agreements as the exclusive measure taken to maintain secrecy . . . While an agreement restricting the use of information may be considered a reasonable step to maintain secrecy of a trade secret, such an agreement, without more, is not enough."  (Doc. 11-1, p. 10.)  One possible exception to this rule, noted by Plaintiff, is when a nondisclosure agreement is the only reasonable step that can be taken to protect a trade secret.  (Doc. 15, p. 9.)

This exception, however, is not applicable here.  Plaintiff does not even argue that the exception is applicable here, nor could Plaintiff make that argument.  Plaintiff could have done much more to protect its alleged trade secrets than merely requiring a nondisclosure agreement.  At the very least, Plaintiff could have objected in some meaningful manner when Plaintiff's president allegedly directly observed violations of Plaintiff's nondisclosure agreement.  (Compl. ¶¶ 35-39.)  Plaintiff has not alleged that it did so.

4

Plaintiff correctly notes that the *Equifax* plaintiff's trade secrets were not adequately protected when the plaintiff "required each of its thousands of employees to sign an identical "confidentiality and assignment" agreement" and the information in question was "publicly accessible without using misappropriation[.]" *Equifax Servs., Inc. v. Examination Mgmt. Servs., Inc.*, 216 Ga. App. 35, 39-40, 453 S.E.2d 488, 493 (1994). Yet these facts do not favor Plaintiff's position. While the plaintiff in *Equifax* had thousands of nondisclosure agreements to monitor and enforce, Plaintiff here apparently had only *one* nondisclosure agreement to monitor and enforce – and Plaintiff failed to do so, even under Plaintiff's president's direct watch. If the *Equifax* plaintiff was lax in enforcement, Plaintiff here was even more so.

Defendants agree with Plaintiff to the extent Plaintiff argues there is not a bright-line rule that a nondisclosure agreement, standing alone, always is insufficient to protect trade secrets. But that is not Defendants' ultimate point. Defendants' point is that a nondisclosure agreement, standing alone, typically is insufficient to protect trade secrets – but even more importantly, when a plaintiff relies *solely* on the existence of a nondisclosure agreement, *and* when a plaintiff frankly admits to tolerating violations of that nondisclosure agreement, then the plaintiff has effectively admitted the absence of reasonable protective measures.

Under these circumstances, the trade secret claim loses all "facial plausibility" and must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### IV. ALL PLAINTIFF'S COUNTS RELY ON THE EXISTENCE OF A REASONABLY PROTECTED TRADE SECRET

Plaintiff's Counts 3 and 4 are by definition dependent upon the existence of a reasonably protected trade secret. Plaintiff does not appear to dispute that Plaintiff's Counts 5 through 8 are dependent upon one or more of Counts 1 through 4. Consequently, the only counts whose reliance upon the existence of a reasonably protected trade secret is in question are Counts 1 and 2.

Counts 1 and 2 are breach of contract claims. Plaintiff consistently confirms that the damages it seeks under Counts 1 and 2 are damages directly resulting from misuse of trade secrets. (Compl. ¶¶ 42-43, 48, 66, 68, 79.) Plaintiff's allegations belie Plaintiff's assertion that "Nothing therein [in Counts 1 and 2] suggests misappropriation of a trade secret." (Doc. 15, p. 22.) Without plausibly alleging the existence of any reasonably protected trade secret, Plaintiff cannot proceed with a claim for damages for misappropriation of a trade secret.

Plaintiff misleadingly states: "A trade secret need not be misappropriated for a party to fail to make required payments under a licensing agreement." (Doc. 15, p. 22.) While this statement may be theoretically and generally accurate, the subject of this Motion is not theoretical licensing agreements in general. The

subject of this Motion is Plaintiff's specific allegations concerning specific breaches of a specific licensing agreement. Plaintiff alleges Defendants have breached the Manufacturing License Agreement (Doc. 1, p. 39-46) by continuing to use trade secrets after the termination of the Agreement without paying royalties for the use of the trade secrets. (Compl. ¶¶ 42-43, 48.) This is the specific allegation before the Court. Without plausibly alleging the existence of reasonably protected trade secrets, Plaintiff's specific allegations concerning damages arising from the use of trade secrets must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendants pray for their Motion to Dismiss to be granted.

This 13th day of September, 2021.

**COPPEDGE, MICHMERHUIZEN, RAYBURN |
Attorneys at Law**

By: /s/ Stephen Michmerhuizen

508 S. Thornton Avenue
Dalton, Georgia 30720
P: (706) 226-0040
F: (706) 226-0050
warren@coppedgefirm.com
steve@coppedgefirm.com

WARREN N. COPPEDGE, JR.
GEORGIA BAR NUMBER: 187300
STEPHEN MICHMERHUIZEN
GEORGIA BAR NUMBER: 107109
ATTORNEYS FOR DEFENDANTS

# THE UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| WILDWOOD CONSULTING, LLC, | : |
| | : |
| PLAINTIFF, | : |
| | : CIVIL ACTION FILE NO. |
| v. | : |
| | : 4:21-CV-00138-LMM |
| ROGERS FINISHING, LLC d/b/a | : |
| ADD BAC, ADD BAC, INC., | : |
| WARREN EDWARD STATEN, and | : |
| JUDY STATEN, | : |
| | : |
| DEFENDANTS. | : |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served a copy of the foregoing Defendants' Reply to Plaintiff's Response Brief in Opposition to Defendants' Motion to Dismiss Plaintiff's Verified Complaint by filing the same electronically, with the Clerk of Court using its CM/ECF system, which will automatically provide a copy of the filing to the following attorneys of record:

David L. Walker, Jr.
Lawrence O. Anderson
Anthony Cammarata, Jr.
Flint, Connolly & Walker, LLP
131 East Main Street
Canton, Georgia 30114
dwalker@fcwlawfirm.com

8

This 13th day of September, 2021.

**COPPEDGE, MICHMERHUIZEN, RAYBURN |
Attorneys at Law**

By: <u>/s/ Stephen Michmerhuizen</u>

| | |
|---|---|
| 508 S. Thornton Avenue | WARREN N. COPPEDGE, JR. |
| Dalton, Georgia 30720 | GEORGIA BAR NUMBER: 187300 |
| P: (706) 226-0040 | STEPHEN MICHMERHUIZEN |
| F: (706) 226-0050 | GEORGIA BAR NUMBER: 107109 |
| warren@coppedgefirm.com | ATTORNEYS FOR DEFENDANTS |
| steve@coppedgefirm.com | |

## CERTIFICATE OF COMPLIANCE

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman 14 point type, in compliance with local rule 5.1.

This 13th day of September, 2021.

**COPPEDGE, MICHMERHUIZEN, RAYBURN |**
**Attorneys at Law**

By: /s/ Stephen Michmerhuizen

| | |
|---|---|
| 508 S. Thornton Avenue | WARREN N. COPPEDGE, JR. |
| Dalton, Georgia 30720 | GEORGIA BAR NUMBER: 187300 |
| P: (706) 226-0040 | STEPHEN MICHMERHUIZEN |
| F: (706) 226-0050 | GEORGIA BAR NUMBER: 107109 |
| warren@coppedgefirm.com | ATTORNEYS FOR DEFENDANTS |
| steve@coppedgefirm.com | |