| | | |
|---|---|---|
| **WILDWOOD CONSULTING, LLC,** | : | |
| | : | |
| **PLAINTIFF,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | |
| | : | **4:21-CV-00138-LMM** |
| **ROGERS FINISHING, LLC d/b/a** | : | |
| **ADD BAC, ADD BAC, INC.,** | : | |
| **WARREN EDWARD STATEN, and** | : | |
| **JUDY STATEN,** | : | |
| | : | |
| **DEFENDANTS.** | : | |

## DEFENDANTS' VERIFIED DEFENSES AND ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT; COUNTERCLAIM OF DEFENDANT ROGERS FINISHING, LLC; AND DEFENDANTS' JURY DEMAND

COME NOW Defendants Rogers Finishing, LLC d/b/a Add Bac, Add Bac, Inc., Warren Edward Staten, and Judy Staten, by and through undersigned counsel, and file Defendants' Verified Defenses and Answer to Plaintiff's Verified Complaint; Counterclaim of Defendant Rogers Finishing, LLC; and Defendants' Jury Demand, showing this Honorable Court as follows:

## DEFENDANTS' DEFENSES AND ANSWER

### FIRST DEFENSE

Defendants show that Plaintiff's Verified Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants assert the defense of failure of consideration.

### THIRD DEFENSE

Defendants assert the defense of waiver.

### FOURTH DEFENSE

Defendants assert the defense of payment.

### FIFTH DEFENSE

Defendants assert the defense of laches.

### SIXTH DEFENSE

Defendants assert the defense of license.

### SEVENTH DEFENSE

To the extent Plaintiff alleges causes of action based upon claims which accrued prior to the applicable statutory period of limitations, Defendants assert the defense of expiration of statute of limitations.

## EIGHTH DEFENSE

Defendants, jointly or separately, have not breached the April 25, 2014 Manufacturing License Agreement ("MLA").

## NINTH DEFENSE

Defendants, jointly or separately, have not breached the Confidentiality/ Nondisclosure Agreement ("NDA").

## TENTH DEFENSE

Defendants, jointly or separately, have not misappropriated any trade secret belonging to Plaintiff.

## ELEVENTH DEFENSE

Defendants, jointly or separately, have not acted in bad faith in regard to any trade secret belonging to Plaintiff.

## TWELFTH DEFENSE

Defendants, jointly or separately, have not caused any loss to Plaintiff by misappropriation of any trade secret.

## THIRTEENTH DEFENSE

Defendants, jointly or separately, have not been unjustly enriched by any trade secret belonging to Plaintiff.

## FOURTEENTH DEFENSE

Any information Plaintiff claims is a trade secret does not merit legal protection as a trade secret, because it is readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

## FIFTEENTH DEFENSE

Any information Plaintiff claims is a trade secret does not merit legal protection as a trade secret, because it is not or has not been the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

## SIXTEENTH DEFENSE

Plaintiffs is not entitled to an equitable accounting.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to relief against any Defendant on the basis of the doctrine of "Piercing the Corporate Veil," both because of a lack of factual merit and because such doctrine does not constitute an independent cause of action.

## EIGHTEENTH DEFENSE

No Defendant has engaged in willful or malicious misappropriation which could entitle Plaintiff to exemplary or punitive damages.

## NINETEENTH DEFENSE

No Defendant has acted in bad faith, has caused unnecessary trouble or expense, or has been stubbornly litigious so as to entitle Plaintiff to an award of expenses of litigation pursuant to O.C.G.A. § 13-6-11.

## TWENTIETH DEFENSE

In response to the numbered paragraphs of Plaintiff's Verified Complaint, Defendants respond as follows:

-1-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in paragraph 1.

-2-

Defendants admit Timothy Croley has been associated with Plaintiff and with the CT formula. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation or allegations in paragraph 2.

-3-

Defendants admit the allegation or allegations in paragraph 3.

-4-

Defendants admit the allegation or allegations in paragraph 4.

-5-

Defendants admit the allegation or allegations in paragraph 5.

-6-

Defendants admit the allegation or allegations in paragraph 6.

-7-

Defendants admit the allegation or allegations in paragraph 7.

-8-

Defendants admit that paragraph 8 contains a general description of the claims set forth in Plaintiff's Verified Complaint. Defendants deny any remaining allegation or allegations in paragraph 8.

-9-

Defendants admit that paragraph 9 contains a generally correct description of Plaintiff's alleged basis for this Court's subject matter jurisdiction. Defendants deny any remaining allegation or allegations in paragraph 9.

-10-

Defendants admit that paragraph 10 contains a generally correct description of Plaintiff's alleged basis for this Court's subject matter jurisdiction. Defendants deny any remaining allegation or allegations in paragraph 10.

Defendants admit that paragraph 11 contains a generally correct description of Plaintiff's alleged basis for venue in this district. Defendants deny any remaining allegation or allegations in paragraph 11.

Defendants admit that as of the date of the MLA, Plaintiff was the sole owner of a unique polyurethane coating technology described as "CT" and known to Plaintiff and certain Defendants as WC-001A. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in paragraph 12.

Defendants admit that as of the date of the MLA, Plaintiff was the sole owner of a unique polyurethane coating technology described as "CT" and that preparing the CT required measurement of ingredients. Defendants admit that the CT has been used for secondary synthetic turf backing. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in paragraph 13.

-14-

Defendants admit Plaintiff has invested time, resources, effort, and materials to develop the CT. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in paragraph 14.

-15-

Defendants admit they would not have any significant knowledge about how to manufacture and use the CT without specifically knowing what the CT was, but Defendants deny that they would not have any significant knowledge about how to manufacture and use coating technology similar to or superior to the CT without the "Trade Secrets, other documentation, or training provided by Plaintiff pursuant to the contractual agreements between the parties." Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in paragraph 15.

-16-

Defendants admit the allegation or allegations in paragraph 16 to the extent they are consistent with the MLA. To the extent the allegation or allegations in paragraph 16 are not consistent with the MLA, Defendants deny the same.

Defendants admit the allegation or allegations in paragraph 17 to the extent they are consistent with the MLA and the NDA. To the extent the allegation or allegations in paragraph 17 are not consistent with the MLA or the NDA, Defendants deny the same.

Defendants admit the allegation or allegations in paragraph 18 to the extent they are consistent with the MLA. To the extent the allegation or allegations in paragraph 18 are not consistent with the MLA, Defendants deny the same.

Defendants admit the allegation or allegations in paragraph 19 to the extent they are consistent with the MLA. To the extent the allegation or allegations in paragraph 19 are not consistent with the MLA, Defendants deny the same.

Defendants admit the allegation or allegations in paragraph 20 to the extent they are consistent with the MLA. To the extent the allegation or allegations in paragraph 20 are not consistent with the MLA, Defendants deny the same.

Defendants admit the allegation or allegations in paragraph 21 to the extent they are consistent with the MLA. To the extent the allegation or allegations in paragraph 21 are not consistent with the MLA, Defendants deny the same.

Defendants admit the allegation or allegations in paragraph 22 to the extent they are consistent with the MLA. To the extent the allegation or allegations in paragraph 22 are not consistent with the MLA, Defendants deny the same.

Defendants admit the allegation or allegations in paragraph 23 to the extent they are consistent with the MLA. To the extent the allegation or allegations in paragraph 23 are not consistent with the MLA, Defendants deny the same.

Defendants admit the allegation or allegations in paragraph 24 to the extent they are consistent with the MLA. To the extent the allegation or allegations in paragraph 24 are not consistent with the MLA, Defendants deny the same.

-25-

Defendants admit the allegation or allegations in paragraph 25 to the extent they are consistent with the MLA. To the extent the allegation or allegations in paragraph 25 are not consistent with the MLA, Defendants deny the same.

-26-

Defendants admit the allegation or allegations in paragraph 26 to the extent they are consistent with the MLA. To the extent the allegation or allegations in paragraph 26 are not consistent with the MLA, Defendants deny the same.

-27-

Defendants admit the allegation or allegations in paragraph 27 to the extent they are consistent with the MLA. To the extent the allegation or allegations in paragraph 27 are not consistent with the MLA, Defendants deny the same.

-28-

Defendants admit the allegation or allegations in paragraph 28 to the extent they are consistent with the NDA. To the extent the allegation or allegations in paragraph 28 are not consistent with the NDA, Defendants deny the same.

-29-

Defendants admit the allegation or allegations in paragraph 29 to the extent they are consistent with the NDA.  To the extent the allegation or allegations in paragraph 29 are not consistent with the NDA, Defendants deny the same.

-30-

Defendants admit the allegation or allegations in paragraph 30 to the extent they are consistent with the NDA.  To the extent the allegation or allegations in paragraph 30 are not consistent with the NDA, Defendants deny the same.

-31-

Defendants admit the allegation or allegations in paragraph 31 to the extent they are consistent with the NDA.  To the extent the allegation or allegations in paragraph 31 are not consistent with the NDA, Defendants deny the same.

-32-

Defendants admit the allegation or allegations in paragraph 32 to the extent they are consistent with the NDA.  To the extent the allegation or allegations in paragraph 32 are not consistent with the NDA, Defendants deny the same.

-33-

Defendants admit the allegation or allegations in paragraph 33 to the extent they are consistent with the NDA. To the extent the allegation or allegations in paragraph 33 are not consistent with the NDA, Defendants deny the same.

-34-

Defendants admit the allegation or allegations in paragraph 34 to the extent they are consistent with the letter dated May 14, 2019. To the extent the allegation or allegations in paragraph 34 are not consistent with the letter dated May 14, 2019, Defendants deny the same.

-35-

Defendants admit that Mr. Croley has "visited the Add Bac/ABI facilities." Defendants are without knowledge or information sufficient to form a belief as to the truth of what Mr. Croley may have subjectively determined or who Mr. Croley may have recognized. Defendants admit that Tim Brown is a person skilled in the art of chemical compounds. Defendants deny any remaining allegation or allegations in paragraph 35.

-36-

Defendants are without knowledge or information sufficient to form a belief as to the truth of what Mr. Croley may have subjectively discovered. Defendants deny any remaining allegation or allegations in paragraph 36.

-37-

Defendants deny the allegation or allegations in paragraph 37.

-38-

Defendants deny the allegation or allegations in paragraph 38.

-39-

Defendants deny the allegation or allegations in paragraph 39.

-40-

Defendants deny the allegation or allegations in paragraph 40.

-41-

Defendants admit the allegation or allegations in paragraph 41 to the extent they are consistent with the MLA. To the extent the allegation or allegations in paragraph 41 are not consistent with the MLA, Defendants deny the same.

-42-

Defendants deny the allegation or allegations in paragraph 42.

-43-

Defendants deny the allegation or allegations in paragraph 43.

-44-

Defendants admit the allegation or allegations in paragraph 44 to the extent they are consistent with the MLA.  To the extent the allegation or allegations in paragraph 44 are not consistent with the MLA, Defendants deny the same.

-45-

Defendants deny the allegation or allegations in paragraph 45.

-46-

Defendants admit that Plaintiff delivered the Demand Letter to Defendants. Defendants admit the allegation or allegations in paragraph 46 directly concerning the content of the MLA and the NDA to the extent they are consistent with the MLA and the NDA.  To the extent the allegation or allegations in paragraph 46 are not consistent with the MLA and the NDA, Defendants deny the same.  Defendants deny any remaining allegation or allegations in paragraph 46.

-47-

Defendants admit the allegation or allegations in paragraph 47 to the extent they accurately describe the content of the Demand Letter.  To the extent the allegation or allegations in paragraph 47 do not accurately describe the content of

the Demand Letter, Defendants deny the same.  Defendants deny any remaining allegation or allegations in paragraph 47.

-48-

Defendants deny the allegation or allegations in paragraph 48.

-49-

Defendants deny the allegation or allegations in paragraph 49.

-50-

Defendants deny the allegation or allegations in paragraph 50.

-51-

Defendants deny the allegation or allegations in paragraph 51.

-52-

Defendants deny the allegation or allegations in paragraph 52.

-53-

Defendants deny the allegation or allegations in paragraph 53.

-54-

Defendants deny the allegation or allegations in paragraph 54.

-55-

Defendants deny the allegation or allegations in paragraph 55.

-56-

Defendants deny the allegation or allegations in paragraph 56.

-57-

Defendants deny the allegation or allegations in paragraph 57.

-58-

Defendants deny the allegation or allegations in paragraph 58.

-59-

Defendants deny the allegation or allegations in paragraph 59.

-60-

Defendants deny the allegation or allegations in paragraph 60.

-61-

Defendants deny the allegation or allegations in paragraph 61.

-62-

Defendants deny the allegation or allegations in paragraph 62.

-63-

Defendants deny the allegation or allegations in paragraph 63.

-64-

Defendants hereby incorporate and restate all allegations set out above as though set forth in full herein.

-65-

Defendants admit the allegation or allegations in paragraph 65 to the extent they are consistent with the Agreements.  To the extent the allegation or allegations in paragraph 65 are not consistent with the Agreements, Defendants deny the same.

-66-

Defendants deny the allegation or allegations in paragraph 66.

-67-

Defendants admit the allegation or allegations in paragraph 67 to the extent they are consistent with the Agreements.  To the extent the allegation or allegations in paragraph 67 are not consistent with the Agreements, Defendants deny the same.

-68-

Defendants deny the allegation or allegations in paragraph 68.

-69-

Defendants deny the allegation or allegations in paragraph 69.

-70-

Defendants deny the allegation or allegations in paragraph 70.

-71-

Defendants deny the allegation or allegations in paragraph 71.

-72-

Defendants deny that Plaintiff is entitled to any of the relief identified or sought in paragraph 72.

-73-

Defendants hereby incorporate and restate all allegations set out above as though set forth in full herein.

-74-

Defendants deny the allegation or allegations in paragraph 74.

-75-

Defendants admit the allegation or allegations in paragraph 75 to the extent they are consistent with the Agreements. To the extent the allegation or allegations in paragraph 75 are not consistent with the Agreements, Defendants deny the same.

-76-

Defendants deny the allegation or allegations in paragraph 76.

-77-

Defendants deny the allegation or allegations in paragraph 77.

-78-

Defendants deny the allegation or allegations in paragraph 78.

-79-

Defendants deny the allegation or allegations in paragraph 79.

-80-

Defendants deny the allegation or allegations in paragraph 80.

-81-

Defendants deny the allegation or allegations in paragraph 81.

-82-

Defendants deny that Plaintiff is entitled to any of the relief identified or sought in paragraph 82.

-83-

Defendants hereby incorporate and restate all allegations set out above as though set forth in full herein.

-84-

Defendants admit Plaintiff imparted information to employees of Rogers Finishing, LLC. Defendants deny any remaining allegation or allegations in paragraph 84.

-85-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in paragraph 85.

-86-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in paragraph 86.

-87-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in paragraph 87.

-88-

Defendants admit Plaintiff imparted information to employees of Rogers Finishing, LLC. Defendants admit the allegation or allegations in paragraph 88 to the extent they accurately describe the content of the Agreements. To the extent the allegation or allegations in paragraph 88 do not accurately describe the content of the Agreements, Defendants deny the same. Defendants deny any remaining allegation or allegations in paragraph 88.

-89-

Defendants admit the allegation or allegations in paragraph 89 to the extent they accurately describe the content of the MLA. To the extent the allegation or allegations in paragraph 89 do not accurately describe the content of the MLA, Defendants deny the same. Defendants deny any remaining allegation or allegations in paragraph 89.

-90-

Defendants deny the allegation or allegations in paragraph 90.

-91-

Defendants deny the allegation or allegations in paragraph 91.

-92-

Defendants deny the allegation or allegations in paragraph 92.

-93-

Defendants deny the allegation or allegations in paragraph 93.

-94-

Defendants deny the allegation or allegations in paragraph 94.

-95-

Defendants deny the allegation or allegations in paragraph 95.

-96-

Defendants deny the allegation or allegations in paragraph 96.

-97-

Defendants deny the allegation or allegations in paragraph 97.

-98-

Defendants deny the allegation or allegations in paragraph 98.

Defendants deny that Plaintiff is entitled to any of the relief identified or sought in paragraph 99.

-100-

Defendants hereby incorporate and restate all allegations set out above as though set forth in full herein.

-101-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in paragraph 101.

-102-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in paragraph 102.

-103-

Defendants admit Plaintiff imparted information to employees of Rogers Finishing, LLC. Defendants admit the allegation or allegations in paragraph 103 to the extent they accurately describe the content of the Agreements. To the extent the allegation or allegations in paragraph 103 do not accurately describe the content of the Agreements, Defendants deny the same. Defendants deny any remaining allegation or allegations in paragraph 103.

-104-

Defendants admit the allegation or allegations in paragraph 104 to the extent they accurately describe the content of the MLA. To the extent the allegation or allegations in paragraph 104 do not accurately describe the content of the MLA, Defendants deny the same. Defendants deny any remaining allegation or allegations in paragraph 104.

-105-

Defendants deny the allegation or allegations in paragraph 105.

-106-

Defendants deny the allegation or allegations in paragraph 106.

-107-

Defendants deny the allegation or allegations in paragraph 107.

-108-

Defendants deny the allegation or allegations in paragraph 108.

-109-

Defendants deny the allegation or allegations in paragraph 109.

-110-

Defendants deny the allegation or allegations in paragraph 110.

-111-

Defendants deny the allegation or allegations in paragraph 111.

-112-

Defendants deny the allegation or allegations in paragraph 112.

-113-

Defendants deny the allegation or allegations in paragraph 113.

-114-

Defendants deny the allegation or allegations in paragraph 114.

-115-

Defendants deny that Plaintiff is entitled to any of the relief identified or sought in paragraph 115.

-116-

Defendants hereby incorporate and restate all allegations set out above as though set forth in full herein.

-117-

Defendants deny the allegation or allegations in paragraph 117.

-118-

Defendants deny the allegation or allegations in paragraph 118.

-119-

Defendants deny the allegation or allegations in paragraph 119.

-120-

Defendants deny the allegation or allegations in paragraph 120.

-121-

Defendants deny the allegation or allegations in paragraph 121.

-122-

Defendants deny that Plaintiff is entitled to any of the relief identified or sought in paragraph 122.

-123-

Defendants hereby incorporate and restate all allegations set out above as though set forth in full herein.

-124-

Defendants admit the allegation or allegations in paragraph 124 to the extent they are consistent with Georgia law. To the extent the allegation or allegations in paragraph 124 are not consistent with Georgia law, Defendants deny the same. Defendants deny any remaining allegation or allegations in paragraph 124.

-125-

Defendants admit the allegation or allegations in paragraph 125 to the extent they are consistent with Georgia law. To the extent the allegation or allegations in paragraph 125 are not consistent with Georgia law, Defendants deny the same. Defendants deny any remaining allegation or allegations in paragraph 125.

-126-

Defendants admit the allegation or allegations in paragraph 126 to the extent they are consistent with Georgia law. To the extent the allegation or allegations in paragraph 126 are not consistent with Georgia law, Defendants deny the same. Defendants deny any remaining allegation or allegations in paragraph 126.

-127-

Defendants deny the allegation or allegations in paragraph 127.

-128-

Defendants deny the allegation or allegations in paragraph 128.

-129-

Defendants deny the allegation or allegations in paragraph 129.

-130-

Defendants deny the allegation or allegations in paragraph 130.

-131-

Defendants deny the allegation or allegations in paragraph 131.

-132-

Defendants deny the allegation or allegations in paragraph 132.

-133-

Defendants deny the allegation or allegations in paragraph 133.

-134-

Defendants deny the allegation or allegations in paragraph 134.

-135-

Defendants deny the allegation or allegations in paragraph 135.

-136-

Defendants deny the allegation or allegations in paragraph 136.

-137-

Defendants deny the allegation or allegations in paragraph 137.

-138-

Defendants deny that Plaintiff is entitled to any of the relief identified or sought in paragraph 138.

-139-

Defendants hereby incorporate and restate all allegations set out above as though set forth in full herein.

-140-

Defendants admit one or more Defendants have had actual knowledge of the contents of the Agreements. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegation or allegations in paragraph 140.

-141-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation or allegations in paragraph 141.

-142-

Defendants deny the allegation or allegations in paragraph 142.

-143-

Defendants deny the allegation or allegations in paragraph 143.

-144-

Defendants deny the allegation or allegations in paragraph 144.

-145-

Defendants deny that Plaintiff is entitled to any of the relief identified or sought in paragraph 145.

-146-

Defendants deny the allegation or allegations in paragraph 146.

-147-

Defendants deny the allegation or allegations in paragraph 147.

## TWENTY-FIRST DEFENSE

Defendants deny that Plaintiff is entitled to any relief sought in its prayer for relief.

## TWENTY-SECOND DEFENSE

Defendants deny any other allegation not otherwise admitted or denied hereinabove.

**WHEREFORE**, Defendants pray that Plaintiff's Verified Complaint be dismissed with prejudice, with costs cast against Plaintiff, and for such other additional relief as this Court deems just and proper.

## VERIFIED COUNTERCLAIM OF DEFENDANT
## ROGERS FINISHING, LLC

COMES NOW Defendant Rogers Finishing, LLC, by and through undersigned counsel, and brings this Counterclaim pursuant to Federal Rule of Civil Procedure 13, showing this Honorable Court as follows:

-1-

Plaintiff is subject to the personal jurisdiction of this Court.

-2-

This Court has subject matter jurisdiction over the subject matter of this Counterclaim.

-3-

The venue for this Counterclaim is properly in this Court.

-4-

Rogers Finishing, LLC and Plaintiff entered into the MLA, attached to Plaintiff's Verified Complaint as Exhibit A.

-5-

In connection with the MLA, Plaintiff provided Rogers Finishing, LLC with product that Plaintiff knew or should have known would proximately cause reasonably foreseeable damages to goods manufactured by Rogers Finishing, LLC,

and which did proximately cause reasonably foreseeable damages to goods manufactured by Rogers Finishing, LLC.

-6-

Rogers Finishing, LLC incurred financial damages as a result of Plaintiff providing Rogers Finishing, LLC with product that Plaintiff knew or should have known would proximately cause reasonably foreseeable damages to goods manufactured by Rogers Finishing, LLC, and which did proximately cause reasonably foreseeable damages to goods manufactured by Rogers Finishing, LLC.

-7-

Upon Plaintiff being made aware that Plaintiff provided Rogers Finishing, LLC with product that Plaintiff knew or should have known would proximately cause reasonably foreseeable financial damages to Rogers Finishing, LLC, Plaintiff declined to provide assistance to Rogers Finishing, LLC in remediating the damages caused by its product.

Count I: Negligence in Formulation and Manufacture of Product

-8-

Rogers Finishing, LLC hereby incorporates and restates all allegations set out above as though set forth in full herein.

Plaintiff negligently provided Rogers Finishing, LLC with product that Plaintiff knew or should have known would proximately cause reasonably foreseeable damages to Rogers Finishing, LLC, and which did proximately cause reasonably foreseeable damages to Rogers Finishing, LLC.

-10-

Plaintiff is liable to Rogers Finishing, LLC for damages Plaintiff caused to Rogers Finishing, LLC by negligently providing Rogers Finishing, LLC with product that Plaintiff knew or should have known would proximately cause reasonably foreseeable damages to Rogers Finishing, LLC, and which did proximately cause reasonably foreseeable damages to Rogers Finishing, LLC.

<u>Count II: Breach of Contract</u>

-11-

Rogers Finishing, LLC hereby incorporates and restates all allegations set out above as though set forth in full herein.

-12-

The MLA required Plaintiff to "negotiate in good faith to resolve any quality control issues perceived by either of the Parties."

Plaintiff breached the MLA by failing and refusing to negotiate in good faith to resolve quality control issues with the CT perceived by Rogers Finishing, LLC, causing damages thereby to Rogers Finishing, LLC.

-14-

Plaintiff is liable to Rogers Finishing, LLC for damages caused by its breach of the MLA.

## Count III: Recoupment (Alternative Count)

-15-

Rogers Finishing, LLC hereby incorporates and restates all allegations set out above as though set forth in full herein.

-16-

To the extent Plaintiff is able to prove any damages against Rogers Finishing, LLC (which damages are hereby emphatically denied), Rogers Finishing, LLC shows that Rogers Finishing, LLC is entitled to recoupment against Plaintiff for damages caused by Plaintiff's failure to comply with the cross-obligations or independent covenants arising under the MLA.

<u>Count IV: Attorney Fees and Expenses of Litigation</u>

-17-

Rogers Finishing, LLC hereby incorporates and restates all allegations set out above as though set forth in full herein.

-18-

Plaintiff acted in bad faith in the negligence and breach of contract set forth above. To the extent Plaintiff denies any of the allegations in this counterclaim, Plaintiff shall have been stubbornly litigious and shall have exposed Rogers Finishing, LLC to unnecessary trouble and expense.

-19-

As a result, Rogers Finishing, LLC is entitled to an award of its attorney fees and expenses of litigation against Plaintiff pursuant to O.C.G.A. § 13-6-11.

<u>Count V: Punitive Damages</u>

-20-

Rogers Finishing, LLC hereby incorporates and restates all allegations set out above as though set forth in full herein.

-21-

In Plaintiff's negligence set forth above, Plaintiff acted with conscious indifference to the consequences of its actions.

As a result, Rogers Finishing, LLC is entitled to an award of punitive damages against Plaintiff pursuant to O.C.G.A. § 51-12-5.1.

**WHEREFORE**, Rogers Finishing, LLC prays for:

a.  A jury to be empaneled to hear and determine all triable issues;

b.  Judgment against Plaintiff in favor of Rogers Finishing, LLC for consequential damages arising from Plaintiff's negligence and breach of contract, in an amount established by the enlightened conscience of impartial jurors, as established by the evidence at trial, and alternatively, recoupment by Rogers Finishing, LLC against any damages Plaintiff can prove (which damages are hereby emphatically denied);

c.  Judgment against Plaintiff in favor of Rogers Finishing, LLC for Rogers Finishing, LLC's attorney fees and expenses of litigation;

d.  Judgment against Plaintiff in favor of Rogers Finishing, LLC for punitive damages;

e.  An award to Rogers Finishing, LLC of its costs; and

f.  Such other additional relief as this Court deems just and proper.

## DEFENDANTS' JURY DEMAND

COME NOW Defendants Rogers Finishing, LLC d/b/a Add Bac, Add Bac, Inc., Warren Edward Staten, and Judy Staten, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 38(b)(1), and file Defendants' Jury Demand, hereby demanding a trial by jury on all issues so triable in any claims and counterclaims filed in this matter.

This 18th day of February, 2022.

**COPPEDGE, MICHMERHUIZEN, RAYBURN |**
**Attorneys at Law**

By: /s/ Stephen Michmerhuizen

508 S. Thornton Avenue    WARREN N. COPPEDGE, JR.
Dalton, Georgia 30720    GEORGIA BAR NUMBER: 187300
P: (706) 226-0040    STEPHEN MICHMERHUIZEN
F: (706) 226-0050    GEORGIA BAR NUMBER: 107109
warren@coppedgefirm.com    ATTORNEYS FOR DEFENDANTS
steve@coppedgefirm.com

WILDWOOD CONSULTING, LLC,  :
                                 :
       PLAINTIFF,         :
                                 : CIVIL ACTION FILE NO.
v.                               :
                                 : 4:21-CV-00138-LMM
ROGERS FINISHING, LLC d/b/a  :
ADD BAC, ADD BAC, INC.,     :
WARREN EDWARD STATEN, and :
JUDY STATEN,            :
                                 :
      DEFENDANTS.     :

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served a copy of the foregoing Defendants' Verified Defenses and Answer to Plaintiff's Verified Complaint; Counterclaim of Defendant Rogers Finishing, LLC; and Defendants' Jury Demand by filing the same electronically, with the Clerk of Court using its CM/ECF system, which will automatically provide a copy of the filing to the following attorneys of record:

David L. Walker, Jr.
Lawrence O. Anderson
Anthony Cammarata, Jr.
Flint, Connolly & Walker, LLP
131 East Main Street
Canton, Georgia 30114
dwalker@fcwlawfirm.com

This 18th day of February, 2022.

**COPPEDGE, MICHMERHUIZEN, RAYBURN |**
**Attorneys at Law**

By: /s/ Stephen Michmerhuizen

508 S. Thornton Avenue      WARREN N. COPPEDGE, JR.
Dalton, Georgia 30720       GEORGIA BAR NUMBER: 187300
P: (706) 226-0040          STEPHEN MICHMERHUIZEN
F: (706) 226-0050          GEORGIA BAR NUMBER: 107109
warren@coppedgefirm.com   ATTORNEYS FOR DEFENDANTS
steve@coppedgefirm.com

## <u>CERTIFICATE OF COMPLIANCE</u>

By signature below, counsel certifies that the foregoing document was

prepared in Times New Roman 14 point type, in compliance with local rule 5.1.

This 18th day of February, 2022.

**COPPEDGE, MICHMERHUIZEN, RAYBURN |**
**Attorneys at Law**

By: <u>/s/ Stephen Michmerhuizen</u>

508 S. Thornton Avenue      WARREN N. COPPEDGE, JR.
Dalton, Georgia 30720        GEORGIA BAR NUMBER: 187300
P: (706) 226-0040            STEPHEN MICHMERHUIZEN
F: (706) 226-0050            GEORGIA BAR NUMBER: 107109
warren@coppedgefirm.com   ATTORNEYS FOR DEFENDANTS
steve@coppedgefirm.com

**THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **WILDWOOD CONSULTING, LLC,** | : | |
| | : | |
| **PLAINTIFF,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | |
| | : | **4:21-CV-00138-LMM** |
| **ROGERS FINISHING, LLC d/b/a** | : | |
| **ADD BAC, ADD BAC, INC.,** | : | |
| **WARREN EDWARD STATEN, and** | : | |
| **JUDY STATEN,** | : | |
| | : | |
| **DEFENDANTS.** | : | |

## <u>VERIFICATION</u>

Personally appeared before the undersigned officer, duly authorized to administer oaths, Warren Edward Staten, who, after first being duly sworn, deposes and states on behalf of Rogers Finishing, LLC that the information contained in Defendants' *Verified Defenses and Answer to Plaintiff's Verified Complaint; Counterclaim of Defendant Rogers Finishing, LLC; and Defendants' Jury Demand* is true and correct to the best of his knowledge, in so far as the information pertains specifically to Rogers Finishing, LLC.

_____
**WARREN EDWARD STATEN**
**Officer, Rogers Finishing, LLC**

Sworn to and subscribed before me
this 17th day of February, 2022.

_____
NOTARY PUBLIC

**THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **WILDWOOD CONSULTING, LLC,** | : | |
| | : | |
| **PLAINTIFF,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | |
| | : | **4:21-CV-00138-LMM** |
| **ROGERS FINISHING, LLC d/b/a** | : | |
| **ADD BAC, ADD BAC, INC.,** | : | |
| **WARREN EDWARD STATEN, and** | : | |
| **JUDY STATEN,** | : | |
| | : | |
| **DEFENDANTS.** | : | |

## <u>VERIFICATION</u>

Personally appeared before the undersigned officer, duly authorized to administer oaths, Warren Edward Staten, who, after first being duly sworn, deposes and states on behalf of Add Bac, Inc. that the information contained in Defendants' *Verified Defenses and Answer to Plaintiff's Verified Complaint; Counterclaim of Defendant Rogers Finishing, LLC; and Defendants' Jury Demand* is true and correct to the best of his knowledge, in so far as the information pertains specifically to Add Bac, Inc.

 

**WARREN EDWARD STATEN**
**Officer, Add Bac, Inc.**

Sworn to and subscribed before me
this 17 day of February, 2022.

NOTARY PUBLIC

**THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **WILDWOOD CONSULTING, LLC,** | : | |
| | : | |
| **PLAINTIFF,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | |
| | : | **4:21-CV-00138-LMM** |
| **ROGERS FINISHING, LLC d/b/a** | : | |
| **ADD BAC, ADD BAC, INC.,** | : | |
| **WARREN EDWARD STATEN, and** | : | |
| **JUDY STATEN,** | : | |
| | : | |
| **DEFENDANTS.** | : | |

## <u>VERIFICATION</u>

Personally appeared before the undersigned officer, duly authorized to administer oaths, Warren Edward Staten, who, after first being duly sworn, deposes and states that the information contained in Defendants' *Verified Defenses and Answer to Plaintiff's Verified Complaint; Counterclaim of Defendant Rogers Finishing, LLC; and Defendants' Jury Demand* is true and correct to the best of his knowledge, in so far as the information pertains specifically to him.

**WARREN EDWARD STATEN**

Sworn to and subscribed before me
this 17th day of February, 2022

NOTARY PUBLIC

# THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | | |
|---|---|---|
| **WILDWOOD CONSULTING, LLC,** | : | |
| | : | |
| **PLAINTIFF** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| v. | : | |
| | : | **4:21-CV-00138-LMM** |
| **ROGERS FINISHING, LLC** | : | |
| **d/b/a ADD BAC, ADD BAC,** | : | |
| **INC., WARREN EDWARD** | : | |
| **STATEN, and JUDY** | : | |
| **STATEN,** | : | |
| **DEFENDANTS.** | : | |

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized to administer oaths, Judy Staten, who, after first being duly sworn, deposes and states that the information contained in Defendants' *Verified Defenses and Answer to Plaintiff's Verified Complaint; Counterclaim of Defendant Rogers Finishing, LLC; and Defendants' Jury Demand* is true and correct to the best of her knowledge, in so far as the information pertains specifically to her.

_____
**JUDY STATEN**

Sworn to and subscribed before me
this _17th_ day of February, 2022.