**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| WILDWOOD CONSULTING, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | 4:21-CV-00138-LMM |
| | ) | |
| ROGERS FINISHING, LLC d/b/a | ) | |
| ADD BAC, ADD BAC, INC., | ) | |
| ED STATEN, and JUDY STATEN, | ) | **Plaintiff's Initial Disclosures** |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

COMES NOW, Plaintiff, Wildwood Consulting, LLC ("Wildwood"), by and

through its undersigned counsel, pursuant to Fed. R. Civ. P. 26(a)(1) and L.R. 26.1,

makes the following *Initial Disclosures* to Defendants Rogers Finishing, LLC d/b/a

Add Bac, Add Bac, Inc., Ed Staten, and Judy Staten. Wildwood reserves the right

to supplement, amend, or withdraw these disclosures if additional information

becomes available during discovery. Wildwood further does not, by submitting

these disclosures, waive its right to later object to the use of this information in

this, or any other, proceeding.

1

## A. PLAINTIFF'S INITIAL DISCLOSURES

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

RESPONSE: The conduct described below gives rise to the following legal causes of action:

1. Misappropriation of the Plaintiff's trade secret under the Georgia Trade Secrets Act (O.C.G.A. § 10-1-760, *et seq.*) by disclosing Plaintiff's unique polyurethane coating technology ("CT"), making unauthorized alterations to the formula, and subsequently misappropriating the CT to Defendants' own benefit;

2. Misappropriation of the CT trade secret under the federal Defend Trade Secrets Act (18 U.S.C. § 1832 *et seq.*) by disclosing the CT formula, making unauthorized alterations to the formula, and subsequently misappropriating the CT to Defendants' own benefit;

3. Cause for punitive damages for knowingly misappropriating Wildwood's CT trade secret, breaching the MLA by altering the CT formula, and knowing failing to pay royalties.

4. Breach of contract against Defendants, Add Bac and ABI, for failing to pay Royalties when due and for altering the CT formula without express permission from Wildwood;

5. Breach of contract against Defendants, the Statens, for failing to pay Royalties when due and altering the CT formula;

6. Cause to provide an equitable accounting;

7. Cause to pierce the corporate veil for Defendants Ed and Judy Staten's comingling of Ad Bac's and ABI's funds with personal funds; and

8. Causes for attorneys' fees and costs of litigation.

Wildwood brings this action to recover damages stemming primarily from Defendants', Rogers Finishing, LLC ("Add Bac") and Add Bac, Inc. ("ABI"), breach of contract and misappropriation of Wildwood's unique polyurethane coating technology ("CT") trade secret. This CT formula is typically purposed for application to artificial turf surfaces. Wildwood and Defendants entered into a Manufacturing License Agreement ("MLA") which authorized Defendants' use of its trade secret during the term of that agreement. That use remained authorized so long as the formula remained unchanged and royalties ("Royalties"), as defined under the MLA, were paid to Wildwood based on the usage of that formula. The

parties also entered into a Confidentiality/Nondisclosure Agreement ("NDA") which protected the information shared relating to the MLA.

However, Defendants Add Bac and ABI did not pay the full amount of Royalties due to Wildwood during the term of the MLA. Add Bac and ABI also breached terms of the MLA when it began to use a modified version of the CT formula. When the terms of the MLA ended, Defendants' continued use of the CT, either in the original or modified form, constituted an unauthorized use of the CT formula – in other words, a misappropriation of Wildwood's trade secrets.

Prior to the end of the MLA's five-year term, Wildwood's president, Timothy Croley, visited Defendants' manufacturing facility. While there, he witnessed a known competitor in the industry – Tim Brown – observing the production of the CT such that Mr. Brown would be able to replicate the CT formula. On this same visit, Mr. Croley learned of further unauthorized disclosures of the confidential and proprietary information related to the CT in violation of the NDA.

In addition to the unauthorized disclosures, Add Bac's plant manager admitted to Mr. Croley that Add Bac and/or ABI had additionally altered the CT formula by mixing in a non-approved polyol without Wildwood's prior approval. Knowing that the alteration was a breach of Sections IV (concerning alterations of

the formula) and V (Quality Control) of the MLA, Add Bac continued the production of the non-approved blend, eroding the quality of the CT.

Defendants, Warren ("Ed") and Judy Staten (together, the "Statens"), have comingled the company's funds with their personal accounts in addition to operating Add Bac and ABI as interchangeable and indistinguishable alter egos. The Statens have paid Add Bac and ABI employees with personal monies. The Statens have made deposits from the operating accounts of the Add Bac and ABI businesses into their personal accounts, including funds from the ill-gotten proceeds of unauthorized use of the CT. Effectively, the Statens have made themselves personally liable for Wildwood's claims by directly receiving the financial benefits derived by Add Bac and ABI through its breach of contract and misappropriation actions. An award of attorneys' fees and costs of litigation is not only justified due to the willful and malicious conduct to misappropriate Wildwood's trade secret CT formula but is also statutorily permitted under the GTSA and DTSA.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

RESPONSE: The Georgia Trade Secrets Act (O.C.G.A. § 10-1-760, *et seq.*) and related case law; the Defend Trade Secrets Act (18 U.S.C. § 1832 *et seq.*) and

related law; Georgia breach of contract state law; Georgia state law warranting an

equitable accounting; Georgia state law justifications to pierce the corporate veil;

O.C.G.A. § 10-1-763(b) for punitive damages; O.C.G.A.§ 13-6-11, the GTSA, and

the DTSA for attorneys' fees and costs of litigation.

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

RESPONSE: See Attachment A. As discovery is still ongoing, Wildwood reserves the right to supplement these Initial Disclosures and Attachment A as required.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

RESPONSE: Wildwood has not identified an expert witness to testify at trial. By way of further response, Wildwood states that discovery in this matter is ongoing. Should Wildwood later identify an expert witness Wildwood intends to call at trial, Wildwood reserves the right to update its disclosures to identify any such expert witness.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

RESPONSE: See Attachment C. As discovery is still ongoing, Wildwood reserves the right to supplement these Initial Disclosures and Attachment A as required.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

RESPONSE:

a. Breach of Contract Damages. Wildwood's complaint states that Defendants failed to pay over $400,000.00 in Royalties per the licensing agreement, for use of the CT during the term of the MLA. The MLA provides the methodology for computing Royalties owed to Wildwood. Additionally, through this suit, Wildwood requests the reporting and usage documents that Defendants were required to create per the MLA in order to accurately calculate the full extent of its damages. The

calculation of Royalties, described in the MLA is restated in Attachment D and a copy of the relevant portion of the MLA (Doc. 86, pp. 40-41) is attached in the same.

Through this suit, Wildwood requests invoices for raw materials and usage reports that Defendants were required to create, per the MLA, to more accurately compute the full extent of its damages as part of this action. Defendants have failed to do so thus far, in breach of the MLA. Wildwood will be able to produce a more precise accounting of the damages it has suffered once these documents are produced in discvoery.

b. Misappropriation of Trade Secrets Damages. In an action based on trade secret misappropriation, in accordance with O.C.G.A. § 10-1-763, "Damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. If neither…are proved by a preponderance of the evidence, the court may award damages caused by misappropriation measured in terms of a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret for no longer than the period of time for which use could have been prohibited." For the unauthorized use and misappropriation of the

CT <u>after</u> the MLA term expired, Wildwood asserts that using the same Royalty calculation, as described above in response 6(a), would be an effective method to determine damages for such misappropriation.

The federal Defend Trade Secrets Act ("DTSA") provides for injunctive relief, available under 18 U.S.C. § 1836(b)(3)(A) and damages for actual loss and unjust enrichment under § 1836(b)(3)(B). The DTSA also states that damages may be "measured by imposition of liability for a reasonable royalty for the misappropriator's unauthorized disclosure or use." 18 U.S.C. § 1836(b)(3)(B)(ii).

Documents produced in discovery will reveal the measure of actual damages. In lieu of the ability for Wildwood to calculate actual damages, once the necessary documents are received to calculate royalties, damages can be determined under that measure.

c. <u>Punitive Damages.</u> The Georgia Trade Secrets statute provides for "exemplary damages in an amount not exceeding twice any award made under subsection (a)." O.C.G.A. § 10-1-763(b). The Defend Trade Secrets Act provides for exemplary damages of "not more than 2 times the amount of the damages awarded" under 18 U.S.C. § 1836(b)(3)(C). Wildwood seeks the maximum amount allowed under these statutes, but

that amount is dependent on information produced during discovery. Wildwood seeks exactly twice the amount of the award provided under the Georgia Trade Secret Act and the Defend Trade Secret Act, which is to be determined through discovery and trial, if needed.

d. <u>Attorneys' Fees</u>. Wildwood seeks all attorneys' fees for this being forced to take this legal action for acting in bad faith, being stubbornly litigious and causing unnecessary trouble and expense under O.C.G.A. § 13-6-11. Also, the Georgia Trade Secret Act provides that "the court may award reasonable attorneys' fees to the prevailing party" when "willful and malicious misappropriation exists." O.C.G.A. § 10-764. The Defend Trade Secret act provides for attorneys' fees under 18 U.S.C. § 1836(b)(3)(D) where a "trade secret was willfully and maliciously misappropriated."

**(7) Attach for inspection and copying as under FED. R. CIV. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

<u>RESPONSE</u>: Wildwood is not aware of any insurance agreement at this time, but reserves the right to supplement this initial disclosure upon discovery of the same.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

RESPONSE: Plaintiff is not aware of any subrogation interests at this time, but reserves the right to supplement this initial disclosure upon discovery of the same.

This 22nd day of February, 2022.

/s/ *David L. Walker*
David L. Walker
Ga. Bar No.: 731663
Anthony Cammarata, Jr.
Ga. Bar No.: 375153
Xavier T. Romero
Ga. Bar No.: 303588
*Attorneys for Plaintiff*

FLINT, CONOLLY & WALKER, LLP
131 East Main Street
Canton, GA 30114
(770) 720-4411
dwalker@fcwlawfirm.com
acammarata@fcwlawfirm.com
xromero@fcwlawfirm.com

Wildwood identifies the following individuals as potentially in possession of discoverable information that Wildwood may use to support its claims or defenses at trial.

| NAME | CONTACT | SUBJECTS |
|---|---|---|
| Warren "Ed" Staten | May be contacted through Defendants' counsel of record in this matter. | Information relevant to all of Plaintiff's claims in this action. |
| Judy Staten | May be contacted through Defendants' counsel of record in this matter. | Defendants' finances and other issues pertinent to Plaintiff's claim for piercing the corporate veil. |
| Timothy Croley | May be contacted through Plaintiff's counsel of record in this matter. | Information relevant to all of Plaintiff's claims in this action. |
| Tim Brown | Mr. Brown is a current/former employee of Defendants that may be contacted through Defendants' counsel of record in this matter. | Information pertinent to Defendants' use of Plaintiff's trade secrets and other matters associated with the operation of Defendants' business, including formulas and chemicals used in Defendants' products. |
| Atish Adhya | Mr. Adhya is a current/former employee/contractor of Defendants, and Defendants should have his contact information. | Information pertinent to Defendants' use of Plaintiff's trade secrets and other matters associated with the operation of Defendants' business, including formulas and chemicals used in Defendants' products. |

| | | |
|---|---|---|
| Mildred Park | Ms. Park is a current/former employee of Defendants that may be contacted through Defendants' counsel of record in this matter. | Information pertinent to Defendants' use of Plaintiff's trade secrets and other matters associated with the operation of Defendants' business, including Defendants' accounting and calculations regarding royalty payments owed to Plaintiff. |
| Donald Robertson | Mr. Robertson is a current/former employee of Defendants that may be contacted through Defendants' counsel of record in this matter. | Information pertinent to Defendants' use of Plaintiff's trade secrets and other matters associated with the operation of Defendants' business, including formulas and chemicals used in Defendants' products. |
| Charles Chambers | Mr. Chambers is a current/former employee of Defendants that may be contacted through Defendants' counsel of record in this matter. | Information pertinent to Defendants' use of Plaintiff's trade secrets and other matters associated with the operation of Defendants' business, including formulas and chemicals used in Defendants' products. |

| | | |
|---|---|---|
| Mitch Souther | Mr. Souther is a current/former employee of Defendants that may be contacted through Defendants' counsel of record in this matter. | Information pertinent to Defendants' use of Plaintiff's trade secrets and other matters associated with the operation of Defendants' business, including formulas and chemicals used in Defendants' products. |
| Susan Hall | Ms. Hall is a current/former employee of Defendants that may be contacted through Defendants' counsel of record in this matter. | Information pertinent to Defendants' use of Plaintiff's trade secrets and other matters associated with the operation of Defendants' business, including Defendants' accounting and calculations regarding royalty payments owed to Plaintiff. |
| Reed Seaton | Mr. Seaton is a current/former employee of Defendants, and Defendants should have his contact information. | Information pertinent to Defendants' use of Plaintiff's trade secrets and other matters associated with the operation of Defendants' business, including formulas and chemicals used in Defendants' products. |

| John Staten | Mr. John Staten is a current/former employee/contractor of Defendants, and Defendants should have his contact information. | Information pertinent to Defendants' use of Plaintiff's trade secrets and other matters associated with the operation of Defendants' business, including third-party claims made against Defendants regarding their products and the royalty payments owed to Plaintiff. |
|---|---|---|
| Derek Jones | Mr. Seaton is a current/former employee of Defendants, and Defendants should have his contact information. | Information pertinent to Defendants' use of Plaintiff's trade secrets and other matters associated with the operation of Defendants' business, including formulas and chemicals used in Defendants' products. |

## ATTACHMENT C – PLAINTIFF'S LIST OF DOCUMENTS IN SUPPORT

1. Manufacturing License Agreement
2. Confidentiality/Nondisclosure Agreement
3. Past Royalty Reports
4. Communications between Plaintiff's counsel and Defendants' counsel
5. Signed nondisclosure agreements for Defendants'
6. Communications between the Parties
7. Communications between the Defendants and third parties

Concurrently herewith, Plaintiff has produced to Defendants documents Bates stamped "Wildwood 000001 to Wildwood 000062."

# ATTACHMENT D – PLAINTIFF'S COMPUTATION OF DAMAGES

Royalties under the MLA are calculated as follows and included in this copy

of the MLA:

a. Royalties are defined as 50% of profit ("Profit"). Profit is defined by identifying the difference between (1) a **fixed estimated cost** of Add Bac's current polyurethane backing material and (2) the actual cost of polyurethane backing material supplied by Wildwood utilizing the CT, and then reducing difference by any Damages.
   i. The fixed estimated cost of Add Bac's current polyurethane backing material is deemed $0.777554 per pound.
   ii. Actual cost per pound of polyurethane backing material supplied by Wildwood utilizing the CT is determined as follows:
      1. Actual cost will be determined utilizing actual invoices for raw materials comprising the polyurethane backing material supplied by Wildwood utilizing the CT
      2. Total Pounds of polyurethane backing material supplied will be determined by dividing the pounds of isocyanate utilized in the polyurethane backing material supplied by Wildwood utilizing the CT by .1385; and
      3. Actual cost (as defined above) divided by total pounds of polyurethane backing material supplied (as defined above) will yield actual cost per pound.
   iii. For purposes of the definition of Profit, Damages means the total amount of any damages or chargeback claimed by, and actually paid to, any Add Bac customer or third party as a result of a claim of (a) defective polyurethane backing utilizing the CT, and/or (b) defective product, when the claimed defect is reasonably attributable to defective polyurethane backing utilizing the CT…the claim must be reasonably attributable to defective polyurethane backing based upon (a) the customer's or third party's description of the cause of the claim, and/or (b) Add Bac's reasonable investigation of the cause of the claim.

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I electronically filed the foregoing *Plaintiff's Initial Disclosures* with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all counsel of record.

This 22nd day of February, 2022.

/s/ *David L. Walker*
David L. Walker
Ga. Bar No.: 731663
Anthony Cammarata, Jr.
Ga. Bar No.: 375153
Xavier T. Romero
Ga. Bar No.: 303588
Attorneys for Wildwood Consulting, LLC