THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| WILDWOOD CONSULTING, LLC, | : |
| | : |
| PLAINTIFF, | : |
| | : CIVIL ACTION FILE NO. |
| v. | : |
| | : 4:21-CV-00138-LMM |
| ROGERS FINISHING, LLC d/b/a | : |
| ADD BAC, ADD BAC, INC., | : |
| WARREN EDWARD STATEN, and | : |
| JUDY STATEN, | : |
| | : |
| DEFENDANTS. | : |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

COME NOW Rogers Finishing, LLC d/b/a Add Bac, Add Bac, Inc., Warren Edward Staten, and Judy Staten, by and through undersigned counsel, and file this Memorandum of Law in Support of Their Motion to Dismiss for Failure to Prosecute ("Motion") pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 41.3 and 83.1(E)(5), showing this Honorable Court as follows:

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Verified Complaint and Allegations

Plaintiff, a Texas limited liability company, filed its "Verified Complaint"[1] on July 19, 2021. (Doc. 1.) Plaintiff's Complaint alleges that Plaintiff has developed unique polyurethane coating technology (the "CT"). (Plaintiff's Verified Complaint [Pl.'s Compl.] ¶¶ 12-15). Plaintiff alleges that the CT encompasses both tangible information such as "documentation" and intangible information such as "strategies" and "knowledge." (Pl.'s Compl. ¶¶ 14-15.) Plaintiff alleges it licensed the CT to Defendants pursuant to a Manufacturing License Agreement ("MLA"). (Pl.'s Compl. ¶ 16.) Plaintiff alleges the CT is protected from unauthorized use or disclosure by the MLA and by a collateral Nondisclosure Agreement ("NDA"). (Pl.'s Compl. ¶¶ 17, 27-28.) Plaintiff alleges Defendants' rights to use the CT under the MLA expired on or about April 25, 2019. (Pl.'s Compl. ¶¶ 16, 20, 67.)

Prior to the expiration of the MLA, Plaintiff alleges that its president, Mr. Timothy Croley, visited Defendants' manufacturing facilities and determined

> that certain individuals who were not the authorized officers and employees of [the corporate Defendants] that Wildwood previously

---

[1] The "Verified Complaint" was unverified when it was filed.

> approved according to the NDA were present while the CT was being produced. Mr. Croley recognized one of the individuals present as a fellow industry professional named Tim Brown ("Mr. Brown"), who is a person skilled in the art of chemical compounds. Mr. Brown was not an authorized user of the CT pursuant to the NDA.

(Pl.'s Compl. ¶¶ 2, 35.) Plaintiff alleges that during Mr. Croley's visit, he also "discovered that [Defendants] had disclosed confidential and proprietary information related to the CT to unauthorized individuals in violation of the NDA." (Pl.'s Compl. ¶ 36.) Also during Mr. Croley's visit, "Add Bac's plant manager admitted that [Defendants] altered Wildwood's proprietary CT formula by mixing the approved polyol with a non-approved polyol." (Pl.'s Compl. ¶ 37.)

"On or about April 24, 2019, counsel for Plaintiff delivered a Demand to Cease and Desist to Defendants." (Pl.'s Compl. ¶ 46.) Plaintiff alleges that Defendants completely disregarded the April 24, 2019 demand letter. (Pl.'s Compl. ¶ 48.) Other than the demand letter, Plaintiff does not allege that it took any action whatsoever in response to Mr. Croley's observations. After nearly two-and-a-half years (817 days, to be exact) of complete inaction from Plaintiff, during

3

which entire time Defendants allegedly had been misusing Plaintiff's trade secrets, Plaintiff filed its Verified Complaint.

## B. Events Subsequent to Filing Verified Complaint

The parties' Joint Preliminary Report and Discovery Plan provided for a four-month discovery period. (Doc. 19, ¶ 10.) The discovery period was extended four months by agreement on July 15, 2022. (Doc. 45.) The discovery period was again extended four months by agreement on December 21, 2022. (Doc. 51.)

In August 2022, Plaintiff took six depositions of Defendants and parties affiliated with Defendants. (Doc. 46.) Following those depositions, counsel for Plaintiff and counsel for Defendants agreed in person and by letter that Plaintiff would take several more depositions, after which time Defendants would be permitted a reasonable time to complete one or more depositions. A true and correct copy of the November 18, 2022 letter (with settlement-related communications redacted) is filed concurrently herewith as Attachment A.

On January 24, 2023, counsel for Defendants inquired as to the status of completing depositions, and requested the deposition of Plaintiff's president. A true and correct copy of the January 24, 2023 email is filed concurrently herewith as Attachment B. Counsel for Defendants did not receive any significant response to this inquiry.

On February 16, 2023, counsel for Defendants once again inquired as to the status of completing depositions, and requested the deposition of Plaintiff's president. A true and correct copy of the February 16, 2023 email is filed concurrently herewith as Attachment C. Counsel for Defendants did not receive any significant response to this inquiry.

On February 21, 2023, counsel for Defendants once again inquired as to the status of completing depositions, and requested the deposition of Plaintiff's president. A true and correct copy of the February 21, 2023 email is filed concurrently herewith as Attachment D. Counsel for Defendants did not receive any significant response to this inquiry.

On March 2, 2023, counsel for Defendants yet again inquired as to the status of completing depositions, and requested the deposition of Plaintiff's president. A true and correct copy of the March 2, 2023 email is filed concurrently herewith as Attachment E. In response to this email, counsel for Plaintiff advised counsel for Defendants that counsel for Plaintiff intended to withdraw from this case.

The discovery period in this case expired on March 3, 2023. (Doc. 51.)

On March 22, 2023, counsel for Plaintiff filed their Certificate of Consent to Withdraw pursuant to Local Rule 83.1(E)(3). (Doc. 53.) By an Order dated April 11, 2023, this Court denied the motion to withdraw, without prejudice. (Doc. 54.)

The next day, counsel for Plaintiff filed their second Certificate of Consent to Withdraw.  (Doc. 55.)   In an order issued that same day, this Court granted Plaintiff's counsel's request to withdraw, ordering as follows:

> Wildwood is ORDERED to obtain counsel within 30 days of this Order. LR 83.1(E)(2)(b)(H), NDGa. As an artificial entity, Wildwood is required to be represented by an attorney. If Wildwood cannot obtain counsel within the time required, it should file a motion for extension of time with the Court, advising the Court whether the other parties consent to the extension and why the extension is required . . . Wildwood is ADVISED that the failure to comply with this Order may result in the imposition of sanctions, including dismissal of its claims and default of the counterclaims asserted against it. See id. . . . The Clerk is DIRECTED to resubmit this matter to the undersigned 31 days after the date of this Order.

(Doc. 56.)  Over thirty days have now passed since this Court's order.  Since April 12, 2023, neither counsel for Defendants nor Defendants themselves have received any communication from any person acting on behalf of Plaintiff.  Since April 12, 2023, Plaintiff has not filed any notice indicating that Plaintiff has retained other counsel.

6

The docket in this case shows that Plaintiff has not taken any substantial action in this case for over six (6) months.

## II. ARGUMENT AND CITATION TO AUTHORITY

According to Local Rule 41.3:

(A) Dismissal Authorized. The Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if:

(1) A plaintiff or attorney willfully fails or refuses to make a case ready or refuses to cause a case to be made ready for placement on the trial calendar; or

(2) A plaintiff or plaintiff's attorney shall, after notice, fail or refuse to appear at the time and place fixed for pretrial or other hearing or trial in a case or fail or refuse to obey a lawful order of the Court in the case; or

(3) A case has been pending in this Court for more than six (6) months without any substantial proceedings of record, as shown by the record docket or other manner, having been taken in the case.

(B) Adjudication on the Merits. In accordance with the provisions of Fed. R. Civ. P. 41(b), a dismissal for want of prosecution operates

7

as an adjudication upon the merits of the action unless the Court specifies otherwise in its order of dismissal.

According to Local Rule 83.1(E)(5):

> When an attorney withdraws or otherwise is removed as counsel of record, the party whom the attorney was representing must notify the clerk within 21 days or before any further proceedings are conducted of the retention of another attorney or of the party's decision to proceed pro se. The party also must provide the clerk with the current telephone number, address, and email address of the replacement attorney or of the party, if proceeding pro se. Failure to comply with this rule will constitute a default by the party.

Finally, Fed. R. Civ. P. 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

8

Plaintiff, of course, cannot proceed in this matter *pro se*. *See*, *e.g.*, *In re HRN Grp., LLC*, No. 1:20-CV-00704-SDG, 2020 WL 4192489, at *1 (N.D. Ga. July 21, 2020); *Bakewell v. Fed. Fin. Group, Inc.*, No. 1:04-CV-3538-JOF, 2007 WL 4079446, at *1 (N.D. Ga. Oct. 31, 2007), *citing Bakewell v. Fed. Fin. Group, Inc.*, No. 1:04-CV-3538-JOF, at *5 (N.D. Ga. Mar. 28, 2007). Plaintiff must proceed with an attorney of record, but Plaintiff has failed to do so.

For the following reasons, this action should be dismissed for failure to prosecute:

a. This case has been pending in this Court for more than six (6) months without any substantial proceedings of record, as shown by the record docket or other manner, having been taken in the case. (Local Rule 41.3.)

b. Plaintiff has failed to notify the clerk within 21 days of the retention of another attorney. (Local Rule 83.1(E)(5).)

c. Plaintiff has failed to prosecute this case and to comply with the federal rules of civil procedure and the local rules. (Fed. R. Civ. P. 41(b).)

d. Plaintiff was adequately advised by this Court's April 12, 2023 Order that failure to retain new counsel could result in dismissal of its claims.

9

## CONCLUSION

WHEREFORE, Defendants pray for their Motion to Dismiss to be granted.

This 15th day of May, 2023.

**COPPEDGE, MICHMERHUIZEN, RAYBURN |**
**Attorneys at Law**

By: /s/ Stephen Michmerhuizen

508 S. Thornton Avenue
Dalton, Georgia 30720
P: (706) 226-0040
F: (706) 226-0050
warren@coppedgefirm.com
steve@coppedgefirm.com

WARREN N. COPPEDGE, JR.
GEORGIA BAR NUMBER: 187300
STEPHEN MICHMERHUIZEN
GEORGIA BAR NUMBER: 107109
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused to be served a copy of the foregoing Defendants' Memorandum of Law in Support of Their Motion to Dismiss for Failure to Prosecute by filing the same electronically, with the Clerk of Court using its CM/ECF system, and by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

>Wildwood Consulting, LLC
>1006 Wildwood Crossing
>Williamson, Texas 78633

This 15th day of May, 2023.

**COPPEDGE, MICHMERHUIZEN, RAYBURN |**
**Attorneys at Law**

By: /s/ Stephen Michmerhuizen

| | |
|---|---|
| 508 S. Thornton Avenue | WARREN N. COPPEDGE, JR. |
| Dalton, Georgia 30720 | GEORGIA BAR NUMBER: 187300 |
| P: (706) 226-0040 | STEPHEN MICHMERHUIZEN |
| F: (706) 226-0050 | GEORGIA BAR NUMBER: 107109 |
| warren@coppedgefirm.com | ATTORNEYS FOR DEFENDANTS |
| steve@coppedgefirm.com | |

## CERTIFICATE OF COMPLIANCE

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman 14 point type, in compliance with local rule 5.1.

This 15th day of May, 2023.

**COPPEDGE, MICHMERHUIZEN, RAYBURN |
Attorneys at Law**

By: /s/ Stephen Michmerhuizen

508 S. Thornton Avenue
Dalton, Georgia 30720
P: (706) 226-0040
F: (706) 226-0050
warren@coppedgefirm.com
steve@coppedgefirm.com

WARREN N. COPPEDGE, JR.
GEORGIA BAR NUMBER: 187300
STEPHEN MICHMERHUIZEN
GEORGIA BAR NUMBER: 107109
ATTORNEYS FOR DEFENDANTS